IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                **Case No. 07-40013-01-RDR**

OSCAR D. RANGEL,

        Defendant.

## MEMORANDUM AND ORDER

On June 18, 2008, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

I.

The defendant was initially charged in a two-count indictment on February 28, 2007. He was charged with distribution of approximately 49.61 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1)[Count 1] and distribution of 52.49 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1)[Count 2]. The defendant was subsequently released on a personal recognizance bond with conditions of pretrial supervision. Pursuant to a plea agreement, he entered a plea of guilty on July 6, 2007 to Count 1 of the indictment. He subsequently tested positive for the use of cocaine on July 24, 2007. He was also arrested on August 13, 2007 for domestic battery. Law enforcement reports indicate that the defendant was involved in a drive-by shooting. The defendant

failed to appear for urinalysis testing as required by his conditions of pretrial supervision after August 7, 2007. He was scheduled to appear for sentencing on October 5, 2007. He, however, absconded from bond supervision and failed to appear. The defendant was subsequently arrested and his bond was revoked on December 20, 2007.

Following the defendant's guilty plea, a presentence report was prepared. The defendant initially submitted three objections to the report. The defendant later filed a sentencing memorandum with the court and added two more objections.

II.

The defendant objects to the amount of drugs attributed to him in the presentence report as relevant conduct. He contends that these amounts are based upon speculation or statements that he made during the course of the events of this case. He asserts that the statements he made were exaggerated in order to impress the buyers of the drugs. The government has not provided a written response to this objection. The probation office believes that the drug quantities set forth in the report are an accurate reflection of the scope and quantity of the drug distribution engaged in by the defendant.

The Sentencing Guidelines require that all relevant conduct be considered at sentencing. See U.S.S.G. § 1B1.3. The government bears the burden of proving the amount of drugs by a preponderance

of the evidence. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir. 1990), cert. denied, 500 U.S. 937 (1991).  Evidence of that amount must possess a "minimum indicia of reliability." United States v. Coleman, 947 F.2d 1424, 1428 (10th Cir. 1991); see U.S.S.G. § 6A1.3(a).

After carefully reviewing the evidence in this case, the court finds that not all of the drugs noted in the presentence report should be attributed to the defendant.  For example, the court does not believe there is sufficient evidence to attribute the following drugs to the defendant:  4 ounces of cocaine base on August 28, 2006 and 14.2 grams of methamphetamine on August 30, 2006.  In both instances, the defendant merely told the officers that he had these drugs.  The officers never received or saw them.  The court believes that the statements made by the defendant concerning these drugs were made simply to impress the officers, and there is insufficient evidence that the defendant ever had possession of them.

The court, however, finds that the other amounts of drugs attributable to the defendant in the presentence report have been demonstrated by a preponderance of the evidence.  Specifically, the court finds that the 82.35 grams of a substance that did not test positive for methamphetamine should be attributed to the defendant. The guidelines indicate that the defendant's efforts to sell counterfeit substances should be considered as though the

substances were real. U.S.S.G. § 2D1.1, cmt. n. 2. Accordingly, the defendant's objection shall be granted in part and denied in part. These reductions in the amounts of drugs attributable to the defendant, however, do not change the defendant's base offense level. The defendant's base offense level remains at 32.

The defendant objects to the denial of acceptance of responsibility in the presentence report. He argues that his drug use relapse and his arrest on August 13, 2007 should not preclude the granting of acceptance of responsibility by the court. The government has not filed a written response to this objection. The probation office believes that the defendant's continued drug use and failure to comply with bond conditions is inconsistent with acceptance of responsibility.

A defendant's use of drugs in violation of his conditions of release may be considered in determining whether the defendant has accepted responsibility for his actions. United States v. Gatewood, 370 F.3d 1055, 1060 (10th Cir. 2004). The guidelines state that a defendant's voluntary withdrawal from criminal conduct is a relevant consideration in determining whether to grant a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n. 1(b). In addition, "the guidelines do not prohibit a sentencing court from considering, in its discretion, criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of

responsibility under § 3E1.1." <u>United States v. Prince</u>, 204 F.3d 1021, 1024 (10th Cir. 2000).

The evidence before the court demonstrates that the defendant did use drugs while he was on pretrial release.  He further failed to submit to urinalysis testing at the probation office after August 7, 2007.  This conduct clearly suggests that the defendant is not entitled to acceptance of responsibility.  This objection shall also be denied.

The defendant has suggested in a recent sentencing memorandum that he should not receive a two-level enhancement for obstruction of justice.  Although this objection is untimely, the court shall consider it.  The probation office enhanced the defendant's base offense level for obstruction of justice because he failed to appear at a scheduled sentencing on October 5, 2007.  Prior to that date, the defendant absconded from bond supervision and accrued other alleged violations of bond, resulting in a warrant being issued for his arrest on August 15, 2007.  There is little question that his actions constituted obstruction of justice as set forth in the guidelines.  <u>See</u> U.S.S.G. § 3C1.1, cmt. n. 4(e).  Accordingly, this objection shall be denied.

The defendant also suggested in his sentencing memorandum that he should receive a two-level reduction in his offense level pursuant to recent amendments concerning crack cocaine contained in U.S.S.G. § 1B1.10.  This reduction has already been considered by

5

the court in the calculations contained in the presentence report. The probation office prepared an amended version of the report which included the aforementioned reduction. Accordingly, this objection must also be denied.

Finally, the defendant argues that his total offense level should be 27 if the aforementioned objections are sustained. Given the court's prior rulings, the court must also reject this objection. The court shall proceed to sentence with a total offense level of 34 and a criminal history category of II.

### III.

This sentencing presented the court with troubling circumstances. As pointed out by defense counsel, the defendant is very young. His youth caused the court some pause in meting out a long sentence. Nevertheless, the court recognized that the defendant had a golden opportunity to obtain a much lesser sentence. He chose, however, to continue to engage in reckless conduct. Under these circumstances, the court determined that a sentence at the low end of the guidelines, 168 months, was appropriate. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the

circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2008 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge